FILED
CLERK

8/24/2016 2:21 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JASON P. BRAND,

                                Plaintiff,

              -against-

DR. JOSELYN M. POLLOCK, TEXAS STATE
UNIVERSITY,

                            Defendants.
-------------------------------------------------------------X

**ORDER**
16-CV-4403 (JMA)(GRB)

**AZRACK, District Judge:**

      On July 29, 2016, *pro se* plaintiff Jason P. Brand filed his twelfth *in forma pauperis* complaint in this Court.[1] This complaint is against Dr. Joselyn M. Pollock ("Dr. Pollock" and Texas State University (the "University" and collectively, "defendants") and seeks to recover damages and the entry of an order restraining the publication and distribution of a textbook that allegedly defames plaintiff. For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted but the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and Fed. R. Civ. P 12(h)(3).

---

[1] See 15-CV-5021(JMA)(GRB) Brand v. Narco Freedom, 15-6285(JMA)(GRB) Brand v. US Bank, 15-6286 (JMA)(GRB) Brand v. AIG, 15-6371(JMA)(GRB) Brand v. Lloyds of London, 15-6437(JMA)(GRB) Brand v. NYS Attorney General, 16-580(JMA)(GRB) Daso Development Corp. v. AmTrust NA, 15-6678 (JMA)(GRB) Brand v. Arch Specialty Ins. Co., 16-CV-1998(JMA)(GRB) Brand v. Chex Sys. Inc., 16-CV-3965 Brand v. Bank of America NA, 16-2586(JMA)(GRB) Brand v. Law Dept., and 16-CV-4039(JMA)(GRB) Brand v. Kay.

1

## I.   BACKGROUND[2]

Plaintiff's brief complaint is submitted on the Court's general complaint form and alleges in its entirety:[3]

> Upon doing an Internet search I have found that this author & University has published a textbook about myself that is completely not true.  It defames myself ta slanders myself in which such information has been published, not verified, based upon hearsay & has been vastly distributed throughout the world.  The damages by this intentional libel, slander, invasion of privacy paints a picture of myself that is not nice, its deceiving, it affects my family and causes undue emotional distress & is completely false information.  The author and the publisher and the school are involved and who else shall be joined if such discovery determines others are responsible.

(Compl. ¶ III.C.)   In the space on the form complaint that calls for a description of any injuries suffered, plaintiff alleges, "[e]motional distress to oneself & family, slander, libel, defamation, massive copies have been sold & distributed without any knowledge, extent of injuries unknown at this time."   (Id. ¶ IV.)   For relief, plaintiff seeks "monetary compensation to be determined at trial.  Public relation services/repair of defamed character, redaction, restraining order to stop production & distribution of textbooks and recall if possible.   Relief to fully be determined at trial by Jury or as Court shall determine as proper."   (Id. ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.    Standard of Review**

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual

allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C.   Subject Matter Jurisdiction

Plaintiff seeks to invoke this Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.  Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*.  Id.  "If subject matter jurisdiction is lacking, the action must be dismissed."  Id. at 700-01; *see also* Fed. R. Civ. P. 12(h)(3).  Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332.

Here, although plaintiff alleges that he is a citizen of New York and that the defendants are citizens of Texas, he does not allege that the amount in controversy exceed $75,000.  Accordingly, plaintiff has not established this Court's subject matter jurisdiction under Section 1332.  Given that plaintiff alleges only state law defamation claims, there is no basis to invoke federal question subject matter jurisdiction pursuant to § 1331.  Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction.  See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject

4

matter jurisdiction). Here, plaintiff's complaint does establish that this Court has subject matter jurisdiction to adjudicate his claims. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's complaint and it is thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

**D.     State Law Defamation Claims**

In order to state a claim for defamation under New York law, a plaintiff must allege "(1) defendant made a false statement; (2) the statement was 'of or concerning' the plaintiff; (3) the statement was published without privilege or authorization to a third party; and (4) the statement caused the plaintiff harm or constituted defamation *per se*." Lore v. City of Syracuse, 583 F. Supp. 2d 345, 383 (N.D.N.Y. 2008) (citing Brian v. Richardson, 87 N.Y.2d 46, 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126 (1995); Dillon v. City of New York, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (N.Y. App. Div. 1st Dep't 1999). The plaintiff must allege in the "complaint the particular words giving rise to h[is] claim. Id., citing N.Y. C.P.L.R. § 3016(a) (2008). "Additionally, a defamation plaintiff in New York must set forth in her complaint the time, place, manner of the allegedly defamatory statement as well as the persons to whom the statement was made. Id., citing Balduzzi v. City of Syracuse, No. 96-CV-824, 1997 WL 52434, at *6 (N.D.N.Y. Feb. 4, 1997) (citing Vardi v. Mut. Life Ins. Co. of New York, 136 A.D.2d 453, 455, 523 N.Y.S.2d 95 (1st Dep't 1988)); Dillon, 261 A.D.2d at 38, 704 N.Y.S.2d 1 (additional citation omitted)).

Here, as is readily apparent, plaintiff's sparse allegations fail to provide the specific defamatory statements that were allegedly made. Accordingly, plaintiff has not alleged a plausible defamation claim and it is thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)B)(2). Plaintiff is granted leave to amend to assert the specific defamatory statements

5

allegedly made by Pollock together with a proper basis to invoke this Court's subject matter jurisdiction. **Any amended complaint shall be filed within thirty (30) days from the date of this order. The amended complaint clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 16-CV-4403(JMA)(GRB). Plaintiff is cautioned that a failure to file an amended complaint within the time allowed will lead to the dismissal of his claims with prejudice and the case shall be closed.**

### III.   The All Writs Act

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. §1651 (a).  The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."  MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).  Such circumstances include cases where a litigant engages in the frequent filing of frivolous suits.  See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous frivolous complaints are filed) (citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("injunction is appropriate where plaintiff 'abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.'") (alteration and ellipsis in original); see also Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).  Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts.  In addition, the Court must provide

plaintiff with notice and an opportunity to be heard before imposing a filing injunction.  Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Plaintiff's instant action, together with his eleven prior complaints (see supra at 1, n.1) seven of which have been dismissed and/or otherwise closed shortly after filing, suggest that plaintiff may file another frivolous action.  Plaintiff's continued filing of frivolous *in forma pauperis* complaints constitutes an abuse of the judicial process.  The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."  Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citation, and brackets omitted).  The Court is especially cognizant of plaintiff's *pro se* status and has considered his complaints in as positive light as possible.  Nonetheless, the Court warns plaintiff that if he persists in this course of action, the Court will require plaintiff to show cause why leave of Court should not be sought before submitting a new complaint pursuant to the All Writs Act.  In addition, the Court may direct the Clerk of the Court to return to plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may *sua sponte* dismiss the case with prejudice.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . . "), and should he file another frivolous complaint, it is within the Court's authority to consider imposing sanctions upon him.  See Fed. R. Civ. P. 11.

## IV. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claim are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. Rule Civ. P. 12(h)(3). Plaintiff is granted leave to amend to assert the specific defamatory statements allegedly made by Pollock together with a proper basis to invoke this Court's subject matter jurisdiction. **Any amended complaint shall be filed within thirty (30) days from the date of this order. The amended complaint clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 16-CV-4403(JMA)(GRB). Plaintiff is cautioned that a failure to file an amended complaint within the time allowed will lead to the dismissal of his claims with prejudice and the case shall be closed.**

Plaintiff is cautioned that his continued filing of frivolous complaints in this Court will lead to sanctions, as appropriate, under the All Writs Act. The Clerk of the Court shall mail a copy of this order to the plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**  /s/ JMA_____
 Joan M. Azrack
Dated: August 24, 2016  United States District Judge
 Central Islip, New York